UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KARLA HINE,

        Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

        Defendants.

2:12-CV-568 JCM (PAL)

**ORDER**

Presently before the court is defendants Bank of America, N.A., et. al.'s motion to dismiss. (Doc. #5). *Pro se* plaintiff Karla Hine filed an opposition (doc. #10), to which defendants replied (doc. #11).

The property at issue in this case is located at 401 Lakehurst Road, Las Vegas, Nevada. (Doc. #1, ¶ 3). Plaintiff Karla Hine is suing defendants Bank of America, N.A., ReconTrust Company, N.A., Wells Fargo Bank, N.A., and Banc of America Mortgage Securities, Inc. Alternative Loantrust 2006-2 Mortgage Pass-Through Certificates, Series 2006-2. (Doc. #1, ¶¶ 6-10). The complaint involves two loans, which were secured by two deeds of trust. (Doc. #5, Exs. B and C).

Plaintiff previously filed an action in federal court, which involved these same defendants, the same subject property, and the same loans. (*See Hine v. Bank of America N.A., et. al.*, case number 2:11-cv-557). On March 7, 2012, this court granted defendants Bank of America, N.A., BAC Home Loans Servicing, LP, ReconTrust Company, and Wells Fargo Bank, N.A.'s motion to dismiss. (2:11-cv-557, Doc. #43).

**James C. Mahan**
**U.S. District Judge**

1  However, defendant Banc of America Mortgage Securities, Inc. Alternative Loantrust 2006-2 Mortgage Pass-Through Certificates, Series 2006-2 was not served in the first lawsuit. (2:11-cv-557, Doc. #38). Therefore, Banc of America Mortgage Securities, Inc. Alternative Loantrust 2006-2 Mortgage Pass-Through Certificates, Series 2006-2 was not dismissed from the prior case pursuant to the March 7, 2012, order. (2:11-cv-557, Doc. #43). The clerk never entered final judgment in plaintiff's previous case, and the case remains open. (2:11-cv-557).

Defendants now move to dismiss the instant complaint, asserting that claim preclusion prevents plaintiff from re-litigating these causes of action against the same defendants. (Doc. #5).

Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). The doctrine applies when there is: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties. *Id.*

Here, the doctrine of claim preclusion bars the instant lawsuit. All of the claims in the instant lawsuit were asserted and litigated in the earlier action. (*Compare* 2:11-cv-557 *with* 2:12-568). Further, defendants Bank of America, N.A., BAC Home Loans Servicing, LP, ReconTrust Company, and Wells Fargo Bank, N.A. were dismissed from the earlier action pursuant to Federal Rule of Civil Procedure 41(b). (2:11-cv-557, Doc. #43). A dismissal under Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b). Finally, all of the parties to the instant lawsuit were also parties to the prior lawsuit. (*Compare* 2:11-cv-557 *with* 2:12-568).

Defendants' motion to dismiss does not address the fact that defendant Banc of America Mortgage Securities, Inc. Alternative Loantrust 2006-2 Mortgage Pass-Through Certificates, Series 2006-2 has not been dismissed from the previous lawsuit. (Doc. #5). Nevertheless, the court finds that dismissal of this defendant under the doctrine of claim preclusion is appropriate because this defendant was never served in the prior proceeding and it is in privity with the other defendants.

"Privity . . . is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter

**James C. Mahan**
**U.S. District Judge**

- 2 -

involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotations omitted); *Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1053 (9th Cir. 2005). Privity may exist "where there is a 'substantial identity' between the party and nonparty . . . and where the interests of the nonparty and party are 'so closely aligned as to be virtually representative.'" *In re Schimmels*, 127 F.3d at 881 (internal quotations omitted).

Here, there is a "substantial identity" between Banc of America Mortgage Securities, Inc. Alternative Loantrust 2006-2 Mortgage Pass-Through Certificates, Series 2006-2 and the other defendants. *See In re Schimmels*, 127 F.3d at 881. Further, the interests of these defendants are so closely aligned as to be virtually representative. *See id.* If defendant Banc of America Mortgage Securities, Inc. Alternative Loantrust 2006-2 Mortgage Pass-Through Certificates, Series 2006-2 had been served in the previous proceeding, it would have been dismissed along with the other defendants in the March 7, 2012, order.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Bank of America, N.A., et. al.'s motion to dismiss (doc. #5) be, and the same hereby is, GRANTED.

DATED August 3, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -